## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

CHARIELL ALI GLAZE,                                                    PLAINTIFF
ADC #147919

v.                                   No. 4:11CV00881 JLH

SUSAN K. WEAVER, Assistant
Prosecuting Attorney, Faulkner County;
CIRCUIT COURT OF FAULKNER COUNTY;
RAY HOBBS, Director, Arkansas Department
of Correction; and GAYLON LAY, Warden,
Cummins Unit, Arkansas Department of Correction                        DEFENDANTS

### <u>ORDER</u>

The plaintiff, Chariell Ali Glaze, is a prisoner in the Cummins Unit of the Arkansas

Department of Correction.  He commenced this *pro se* § 1983 action against Susan K. Weaver,

Assistant Prosecuting Attorney for Faulkner County, Arkansas; the Faulkner County Circuit Court;

Ray Hobbs, Director of the Arkansas Department of Correction; and Gaylon Lay, Warden of the

Cummins Unit of the Arkansas Department of Correction, alleging that they violated his

constitutional rights.  *See* Doc. #2.  The plaintiff subsequently filed an "amended/supplemental

complaint."  *See* Doc. #7.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court

must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  are legally

frivolous or malicious; fail to state a claim upon which relief may be granted; or seek monetary relief

from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).[1]

---

[1] When making this determination, a district court must "accept as true all factual allegations
in the complaint, [while] giving no effect to conclusory allegations of law."  *Stalley v. Catholic
Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Importantly, the complaint must "assert facts
that affirmatively and plausibly suggest," *Id.*, "above the speculative level," that the plaintiff is entitled

**I.**

In his initial complaint, the plaintiff alleges that Weaver "illegally sentenced" him "to a term of 25 years imprisonment under the first habitual offender law the state of Arkansas enacted."  Doc. #2 (citing Ark. Code Ann. 16-90-201).  The plaintiff relies upon an Arkansas Supreme Court decision holding that the application of section 16-90-201 in his case was inappropriate because that section had been impliedly repealed.  *Glaze v. State*, 2011 Ark. 464, 2011 WL 5226574 (Nov. 3, 2011).  The Arkansas Supreme Court affirmed the plaintiff's  conviction but reversed and remanded "for resentencing under Ark. Code Ann. § 5–4–501."  *Id.*, 2011 WL 5226574, at *13.  In his "amended/supplemental" complaint, the plaintiff alleges further that Weaver "has initiated and maintained a malicious prosecution in her campaign of harassment" against him.

Additionally, the plaintiff alleges that he "has been continuously incarcerated under the jurisdiction of the Faulkner County (Arkansas) Circuit Court" based charges for which he has yet to be tried.  The plaintiff attaches a document purporting to be a felony information filed in the Faulkner County Circuit Court on September 9, 2009, numbered "2009-1138," and charging the plaintiff with residential burglary and terroristic threatening, *inter alia*.[2]  The plaintiff contends that the Faulkner County Circuit Court has not provided "any significant or sufficient reasoning as to why the case—Cr

---

to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-63, 127 S. Ct. 1955, 1965-69 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)).  Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be  "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] This document indicates that Weaver is not the prosecuting attorney in the 2009 criminal case.

09-1138—has not been brought to trial." He alleges that the circuit court is "grossly and intentionally violating [his] 4th, 5th, 6th, 8th, and 14th amendment rights."

Finally, the plaintiff alleges that Hobbs and Lay have violated his constitutional rights by placing him in the proximity of inmates on his "Enemy Alert List."

## II.

First, the plaintiff contends that he should be released because the Arkansas Supreme Court reversed his sentence. He also asks to be compensated for the time he was imprisoned, as well as the "deprivation of society, discomfort, and pain and suffering" which is entailed in incarceration. However, the Arkansas Supreme Court did not overturn the plaintiff's conviction. Rather, the court merely reversed his sentence and remanded for re-sentencing. The plaintiff's challenge to his present confinement and requests for immediate release may only be brought via a habeas corpus action.[3] *See Heck v. Humphrey*, 512 U.S. 477, 481-82, 114 S. Ct. 2364, 2369-70, 129 L. Ed. 2d 383 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S. Ct. 1827, 1835-37, 36 L. Ed. 2d 439 (1973)). Similarly, the plaintiff's request for compensation "for the maximum amount per diem, for loss of time, and deprivation of society, discomfort, and pain and suffering" is a collateral attack on his present confinement—whether the result of a new sentence or while awaiting re-sentencing.[4]

---

[3] In his complaints, the plaintiff does not explain whether he has been re-sentenced, or the length of his new sentence. Of course, regardless of whether the plaintiff has been re-sentenced or is still awaiting re-sentencing, he must provide the Arkansas courts with a full opportunity to resolve his objections to his present confinement before seeking federal habeas relief. *See Dixon v. Dormire*, 263 F.3d 774, 777 (8th Cir. 2001); *Duvall v. Purkett*, 15 F.3d 745, 746 (8th Cir. 1994).

[4] Indeed, if the plaintiff's re-sentencing is pending, then it would be inappropriate for this Court either to interfere in the ongoing state proceeding, or to entertain the plaintiff's claim for damages. *See Younger v. Harris*, 401 U.S. 37, 43-45, 91 S. Ct. 746, 750-51, 27 L. Ed. 2d 669 (1971).

Consequently, the plaintiff may not bring a section 1983 claim for damages until his conviction or current confinement is reversed, expunged, or invalidated.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Marlowe v. Fabian*, --- F.3d ----, 2012 WL 1345559, at 3 (8th Cir. Apr. 19, 2012).  Therefore, the plaintiff's claim regarding his current confinement must be dismissed.

The plaintiff's malicious prosecution claim against Weaver must also be dismissed because prosecutors are entitled to absolute immunity for conduct undertaken in initiating a prosecution and in representing the state in a criminal action insofar as that conduct is "intimately associated with the judicial phase of the criminal process."[5]  *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (quoting *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 1939, 114 L. Ed. 2d 547 (1991)).  Alternately,

> [t]o establish the tort of malicious prosecution in Arkansas, a plaintiff must prove "(1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages."

*Stokes v. Southern States Co-op., Inc.*, 651 F.3d 911, 915-16 (8th Cir. 2011) (quoting *Sundeen v. Kroger*, 355 Ark. 138, 133 S.W.3d 393, 395 (2003)).  Here, the Arkansas Supreme Court affirmed the plaintiff's conviction.  *Glaze*, 2011 WL 5226574, at *13.  Therefore, because the plaintiff cannot

_____

[5] Although the plaintiff alleges that Weaver "illegally sentenced" him to a term of twenty-five years imprisonment, the Arkansas Supreme Court clarified that a "jury sentenced Glaze to twenty-five years' imprisonment."  *Glaze*, 2011 WL 5226574, at *2.  Weaver was merely the prosecuting attorney in the case.

establish that his prosecution ended favorably for him, he cannot establish that the prosecutor in his case, Weaver, maliciously prosecuted him.

Similarly, the plaintiff's claims against the Faulkner County Circuit Court must be dismissed because "state courts possess Eleventh Amendment immunity from § 1983 suit[.]" *Collins v. Dakota County Dist. Court*, 435 Fed. App'x 581 (8th Cir. Oct. 20, 2011) (citing *Harris v. Mo. Court of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986)); *see also Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").

However, the plaintiff's claims against Ray Hobbs, Director of the Arkansas Department of Correction, and Gaylon Lay, Warden at the Cummins Unit, survive initial screening. "It is well settled that the Eighth Amendment imposes a duty on the part of prison officials ' 'to protect prisoners from violence at the hands of other prisoners.' ' " *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988))). "Nevertheless, '[i]t is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety.' " *Id.* (quoting *Farmers*, 511 U.S. at 834, 114 C. Ct. at 1977). "The duty to protect requires only that prison officials take reasonable measures to abate substantial risks of serious harm, of which the officials are aware." *Id.* (internal quotation and citation omitted).

Here, the plaintiff alleges that Hobbs and Lay placed him in the proximity of other inmates who are on his "Enemy Alert List." This list contains the names of inmates who constitute a threat to the safety of the plaintiff. *Cf. Ricks v. Norris*, No. 4:08CV345, 2010 WL 2383910, at *3 (E.D. Ark. June 11, 2010) (prison official defendants agree that placing prisoner in proximity of another

inmate on his enemy alert list would "present a substantial risk of serious harm to the" prisoner).  The fact that inmates are on the plaintiff's enemy alert list is evidence that prison officials were aware that those inmates presents a risk of harm to the plaintiff.  *Cf. Gilliam v. Morgan*, 163 F.3d 602 (8th Cir. 1998) (subjective element not met where assaulting inmate had not been abusive to the plaintiff in the past *nor was on the plaintiff's enemy alert list*).  Finally, the plaintiff attaches prison grievance documents supporting his allegation that he exhausted prison grievance procedures regarding this issue.  *See* Doc. #9.  Consequently, for the purposes of section 1915A screening, the plaintiff has stated a claim against Hobbs and Lay for placing him in the proximity of inmates on his enemy alert list in violation of the Eighth Amendment.[6]

## CONCLUSION

For the reasons stated above, Chariell Ali Glaze's claims against Susan K. Weaver and the Faulkner County Circuit Court are dismissed with prejudice because those defendants are immune from suit.  However, Glaze's claims against Ray Hobbs and Gaylon Lay remain.  Service is appropriate for these defendants.  The Clerk of the Court shall prepare a summons for defendants Ray Hobbs and Gaylon Lay.  The United States Marshal is directed to serve a copy of the complaint and summons on these defendants without prepayment of fees and costs or security therefore.

IT IS SO ORDERED this 26th day of April, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[6] Because the plaintiff has not alleged that he suffered physical injury or was assaulted by those inmates on his enemy alert list who were placed near him, he may not recover compensatory damages.  *See* 42 U.S.C. § 1997e(e).  However, nominal damages, punitive damages, and injunctive relief may be available.  *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004).