IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARIELL ALI GLAZE,     PLAINTIFF
ADC #147919

v.     4:11CV00881-JLH-JJV

SUSAN K. WEAVER; *et al.*     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Chariell Glaze, is an inmate in the Varner Unit of the Arkansas Department of Correction (ADC). He filed a *pro se* Complaint and Amended Complaints (Doc. Nos. 2, 7, 52) pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was in the ADC Cummins Unit. Defendants filed a Motion for Summary Judgment (Doc. No. 60) and Plaintiff has responded (Doc. Nos. 65, 66). After careful review of the Motion and Response, the Court finds that the Motion should be GRANTED.

## I. PROCEDURAL HISTORY

Pursuant to 28 U.S.C. § 1915A, the Court dismissed several of Plaintiff's claims on April 26, 2012. (Doc. No. 10.) Plaintiff was allowed to proceed with his Eighth Amendment claims against Director Hobbs and Warden Lay for placing him in proximity to inmates on his enemy alert list. (*Id.*)

Plaintiff then filed an Amended Complaint advancing claims that Defendants denied him due process and subjected him to cruel and unusual punishment by forcing him to remain in administrative/punitive segregation and that Defendants acted with deliberate indifference by failing to protect him. (Doc. No. 52 at 7.) In their Motion for Summary Judgment, Director Hobbs and Warden Lay argue that 1) Plaintiff failed to exhaust his claims related to placement in administrative/punitive segregation; 2) they are entitled to sovereign immunity on his claims for

monetary damages against them in their official capacities; and 3) they are entitled to qualified immunity on his supervisory claims. (Doc. No. 60.)

## II.   STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986); *Janis v. Bresheuvel*, 428 F.3d 795, 798-99 (8th Cir. 2005). Although the evidence is viewed in a light most favorable to the nonmoving party, *Nooner v. Norris*, 594 F.3d 592, 600 (8th Cir. 2010), the non-moving party has the burden of going beyond the pleadings and by affidavit or otherwise, producing specific facts that show that there is a genuine issue for trial. *Janis*, 428 F.3d at 799. A genuine issue of fact exists if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material when it might affect the outcome of the case. *Rakes v. Life Investors Ins. Co. of Am.*, 582 F.3d 886, 894 (8th Cir. 2009).

## III.   FACTS

On March 5, 2010, while a pretrial detainee in the Faulkner County Detention Center, Plaintiff was attacked by three detainees. (Doc. No. 52 at 2.) He suffered a laceration to his eye that required six stitches and other bruises and contusions. (*Id.*)

Plaintiff was later convicted and sentenced to imprisonment in the ADC. On arrival there, Plaintiff gave officials the names of his attackers to place on his enemy alert list. (*Id.*) While at the Cummins Unit, he informed ADC officials that he was housed in the "immediate proximity" of inmates on that list. (*Id.* at 3.) Plaintiff was transferred to the Hawkins Unit (*Id.*), but after he was charged with four major disciplinaries he was transferred back to Cummins. (*Id.*) On his return,

Plaintiff was assigned to barracks 10A – a Class IV punishment barracks – and to work the hoe squad because of the disciplinary charges he received at Hawkins. (*Id.*). He was found guilty of three disciplinary charges and ordered to serve time in punitive isolation. (*Id.* at 4; Doc. No. 61 ¶ 4).

On August 19, 2011, Plaintiff informed two officers at Cummins that he was in proximity of inmates on his enemy alert list and one of them had threatened him. (Doc. No. 52 at 5). When he told officers he feared for his safety, the officers immediately placed him in punitive segregation. (*Id.*). On August 25, 2011, Plaintiff was "assigned to Punitive due to the results of a Major Disciplinary." (*See* Doc. No. 9 at 13.)

During an August 26, 2011, appearance before the Cummins Classification Committee, Plaintiff requested a placement/assignment to protective custody. (Doc. No. 52 at 4). The committee assigned him to administrative segregation after he completed his term in punitive isolation. (Doc. No. 61 ¶ 4.) He appeared before the classification committee again on October 27, 2011, to request an assignment to protective custody. (Doc. No. 52 at 5). According to Plaintiff, his request was denied. (*Id.*)

In April 2012[1] Plaintiff was in punitive isolation. An inmate from his alert list was placed in his cell (*Id.*; Doc. No. 61 ¶ 7) for four days, during which the inmate threatened him several times. (Doc. No. 52 at 6.) Plaintiff was fearful of an attack and repeatedly informed staff of the situation. (*Id.*) When Plaintiff advised Sgt. Jones and Lt. Coleman, ADC officials finally removed the inmate. (Doc. No. 61 ¶¶ 8-9.) Following the incident, Warden Lay issued a memo reminding ADC staff to review enemy alert lists prior to making housing assignments. (Doc. No. 61 ¶ 11.)

---

[1] In their Statement of Facts, Defendants state this occurred in February 12, 2012. (Doc. No. 61 ¶ 7). However, documentation submitted in support of their Motion and Plaintiff indicate this occurred in April 2012. (*See* Doc. No. 12 ¶¶ 1-2; Doc. No. 52 at 46; Doc. No. 62-7 at 2-3).

IV.	ANALYSIS

    A.	Venue

Defendants first argue that venue is improper. Our federal venue statute provides that in cases not based on diversity of citizenship, venue is proper in "a judicial district where any defendant resides" or where "a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391 (2006). Defendants are residents of Jefferson County, Arkansas, which is in the Pine Bluff Division. Although the Defendants are correct in their assertion that this matter should have been filed in the Pine Bluff Division, the Court finds that, at this juncture, the interest of justice does not favor transferring the case to that division.

    B.	Exhaustion

Defendants argue that Plaintiff has failed to exhaust his administrative remedies regarding his placement in administrative/punitive segregation. The failure to exhaust administrative remedies is an affirmative defense that the defendant has the burden of pleading and proving. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). The PLRA's exhaustion provision specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Exhaustion is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force

or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"To properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'" *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). The applicable procedural rules are defined not by the PLRA but by the prison grievance process itself. *Jones*, 549 U.S. at 218.

Defendants have submitted Administrative Directive 09-01, the ADC inmate grievance procedure. (*See* Doc. No. 62-1.) Inmates are required to fully exhaust their administrative remedies in accordance with ADC grievance procedures prior to filing a civil lawsuit. (Doc. No. 62-1 at 18.) Thus, the inmate must, among other things, comply with ADC's requirement to "be specific as to the substance of the issue and include date, place, personnel involved or witnesses." (*Id.* at 5.) This requirement is also on ADC inmate grievance forms. (*Id.* at 19.) Exhaustion under ADC grievance procedures also requires inmates to fully appeal any adverse decisions. (*Id.* at 11-12.)

In his most recent Amended Complaint (Doc. No. 52), Plaintiff asserts that his placement in administrative/punitive segregation violates his right to due process and is cruel and unusual punishment. (*Id.* at 7.) On August 26, 2011, and October 27, 2011, Plaintiff appeared before the Cummins classification committee and requested protective custody. (*Id.* at 5.) Warden Lay participated on this committee and the requests were denied. (*Id.*) Plaintiff states he "is still assigned to administrative/punitive segregation without any intervention. . . ." (*Id.*)

Plaintiff exhausted two grievances during the relevant time period – CU-11-001757 and CU-11-01758. (Doc. No. 9 at 12-15, 20-22). Grievance CU-11-01758 fairly addresses Plaintiff's failure to protect claim and Defendants do not challenge exhaustion on this point. (*Id.* at 20-22.)

Only grievance CU-11-001757 concerns Plaintiff's housing. He initiated this when he believed he was denied procedural due process after assignment to the punitive barracks and hoe

squad. (Doc. No. 9 at 12-15.) At first blush, it appears this grievance fairly addresses the claims raised in Plaintiff's Amended Complaint. But Defendants raise a good point – that during this grievance appeal process, Plaintiff stated, "I am in administrative segregation at my own request." (*Id.* at 13.) And a close inspection of all documents in grievance CU-11-001757 reveals Plaintiff was actually challenging his punishment before conviction for the events that occurred at Hawkins. (*Id.* at 13-14.) Plaintiff's Amended Complaint, on the other hand, challenges his general placement in administrative/punitive custody as a result of the threat to his safety and denial of placement in protective custody. (Doc. No. 52 at 4-6.) Accordingly, the Court finds that Plaintiff has failed to exhaust his claims pertaining to placement in administrative/punitive segregation and those claims should be DISMISSED without prejudice.

    **C.**    **Sovereign Immunity**

Defendants argue that the doctrine of sovereign immunity bars Plaintiff's claims for monetary damages against them in their official capacities. The Eleventh Amendment bars suits against states for monetary damages. *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Dakota, Minnesota & Eastern R.R. Corp. v. S. D.*, 362 F.3d 512, 516 (8th Cir. 2004); *Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Section 1983 does not override Eleventh Amendment immunity. *Hadley*, 76 F.3d at 1438. A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the state. *See Printz v. U.S.*, 521 U.S. 898, 930 (1997); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus the Eleventh Amendment has been construed to also prohibit § 1983 suits seeking monetary damages from a state official in his or her official capacity. *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). Plaintiff's claims for monetary damages against Defendants in their official capacities are barred and should therefore be DISMISSED.

D.     **Qualified Immunity**

Defendants argue they are entitled to qualified immunity for Plaintiff's Eighth Amendment claims. Qualified immunity shields government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cnty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "*an immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] "Qualified immunity is appropriate only if no reasonable fact-finder could answer yes to both of these questions." *Nelson v. Corr. Med. Services*, 583 F.3d 522, 528 (8th Cir. 2009).

The United States Supreme Court precedent establishes:

> [T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson*, 583 F.3d at 528 (quoting *Pearson*, 555 U.S. at 236).

been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

In addressing the first prong of this qualified immunity, the Court must determine whether Defendants failed to protect Plaintiff and, therefore, violated Plaintiff's Eighth Amendment Rights. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007). The Eighth Amendment imposes upon prison officials, among other things, the duty to take reasonable measures to protect prisoners from violence at the hands of other prisoners. *Davis v. Scott*, 94 F.3d 444, 446 (8th Cir. 1996). To prevail on an Eighth Amendment claim, an inmate must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). In cases challenging prison conditions, the state of mind giving rise to liability is deliberate indifference to an inmate's health or safety. *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010); *Choate*, 7 F.3d at 1373-74.

Plaintiff asserts that Director Hobbs acted with deliberate indifference when he allowed ADC staff to house him at Cummins without consulting his enemy alert list. (Doc. No. 52 at 7). He further asserts that Warden Lay subjected him to cruel and unusual punishment by housing him in immediate proximity to an inmate on his enemy alert list. (*Id.*) Defendants argue they are entitled to summary judgment because Plaintiff is attempting to hold them liable based on their positions as supervisors. (Doc. No. 62 at 6.)

Defendants correctly argue that prison officials generally may not be held liable for § 1983

claims based on a theory of supervisory or "respondeat superior" liability. *Lenz*, 490 F.3d at 995; *Choate*, 7 F.3d at 1376. A supervisor will only incur liability when the supervisor is personally involved in the violation or when the supervisor's inaction constitutes deliberate indifference to or tacit authorization of the violation. *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate*, 7 F.3d at 1376. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what he or she might see. *Meloy*, 302 F.3d at 849; *Boyd*, 47 F.3d at 968.

The evidence before the Court establishes that neither Warden Lay or Director Hobbs were personally involved nor deliberately indifferent toward Plaintiff's safety. There is no evidence nor it is likely that these high ranking prison officials knew or could have known that Plaintiff was in harms way. Plaintiff admits that when prison officials learned he was housed with an inmate on his enemy alert list, they "took immediate action by removing [the inmate] from the . . .cell." (Doc. No. 52 at 6.) And the officer responsible for the placement was issued an oral warning and reminded of his responsibility to check the enemy alert lists before placing an inmate in a cell with another inmate. (Doc. No. 62-7 at 2.) When the incident was brought to Warden Lay's attention, he issued a memorandum reminding "staff the importance of checking enemy alerts before housing an inmate or assigning an inmate a job." (*Id.* at 3).

After viewing the evidence in a light most favorable to Plaintiff, the Court finds there is no evidence that Director Hobbs was personally involved in the alleged violation of his Eighth Amendment rights. The Court further finds that the evidence fails to establish that Warden Lay was personally involved in any decision on Plaintiff's placement or that he acted with deliberate indifference. Plaintiff, therefore, fails to state a constitutional violation against these Defendants and they are entitled to qualified immunity and summary judgment as a matter of law.

**V.     CONCLUSION**

1.     Defendants' Motion for Summary Judgment (Doc. No. 60) should be GRANTED.

2.     This cause of action should be dismissed, as follows:

a.     Plaintiff's due process and Eighth Amendment claims relating to his placement in administrative/punitive segregation should be DISMISSED without prejudice for failure to exhaust his administrative remedies.

b.     Plaintiff's Eighth Amendment failure to protect claims should be DISMISSED with prejudice.

3.     The Court should certify pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 16th day of August, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE